IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FRED CLARK,

    Plaintiff,

v.

ACQUARA LOAN, and JOHNSON
& FREEDMAN, LLC,

    Defendants.

CIVIL ACTION FILE NO.

1:12-CV-0002-TWT-JFK

# **FINAL REPORT AND RECOMMENDATION**

Pending before the court is Plaintiff's, who is proceeding *pro se*, petition to proceed *in forma pauperis*, as amended. [Docs. 1, 3]. On January 6, 2012, this court entered an order which identified confusing and incomplete entries on the original *in forma pauperis* application and directed Plaintiff to file an amended form. [Doc. 2]. As noted, Plaintiff has done so. [Doc. 3]. The court further directed in the order that Plaintiff file an amended complaint that complied with Fed. R. Civ. P. 8 and 10 due to the failure of Plaintiff to plead a cause of action in the original complaint. [Doc. 2]. The court stated:

> Plaintiff's proposed "complaint" [Doc. 1-1] is also defective. What Plaintiff has filed is entitled a "Notice: Dispute of Debt & Validation of Debt, Good Faith Discovery Notice: Verification of Proof of Claim Requested." [Id.]. It consists of an undated letter to Johnson &

> Freedman, LLC, giving notice that Plaintiff disputes the debt under 25 U.S.C. § 1692g, and seeks disclosures under the Truth in Lending Act, 15 U.S.C. §§ 1601-1667, and information on whether Plaintiff's loan has been securitized, and Plaintiff demands, *inter alia*, production of the original note. [Id. at 2]. The notice to Johnson & Freedman, LLC, clearly states that it is an effort "to avoid burdening the court with this matter." [Id. at 3]. Filing the notice with the court is not the proper procedure for disputing a debt under the FDCPA. And the notice does not state a claim for which relief can be granted.

[Doc. 2 at 2].

In response to that order, Plaintiff has filed a document identified as "ammendment [sic] cause and complaints." [Doc. 4]. The entirety of the amended complaint states:

> They never properly served you your foreclosure letters. They cant [sic] find your original paperwork. I have tried to get a loan modification and they wouldn't allow it. I have made numerous payments they wouldn't accept it and mailed it back. They sold my house 5 times without my knowledge. This was an illegal foreclosure.

[Doc. 4]. The named Defendants are Acqura Loan and Johnson & Freeman, LLC. [Id.].

Because the court finds that there is a lack of federal subject-matter jurisdiction, the court recommends that Plaintiff's request to proceed *in forma pauperis* be denied and that the complaint be dismissed without prejudice.

**I.     Discussion**

"Federal courts have limited subject matter jurisdiction, or in other words, they have the power to decide only certain types of cases." Pop's Pancakes, Inc. v. NuCO2, Inc., 251 F.R.D. 677, 688 (S.D. Fla. 2008). "The lack of federal jurisdiction may be raised by a federal court on its own initiative at any stage in the litigation." Davis v. Ryan Oaks Apt., 357 Fed. Appx. 237, 237 (11th Cir. 2009). And, "'[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.'" Pop's Pancakes, Inc., 251 F.R.D. at 688 (citation omitted). "Federal subject-matter jurisdiction is proper only when (1) a plaintiff's claim involves a federal question, or (2) there is diversity among the parties." Davis, 357 Fed. Appx. at 238 (citing 28 U.S.C. §§ 1331, 1332).

Plaintiff does not allege any basis for federal subject-matter jurisdiction in the amended complaint. See Jones v. Pilgrim, 2007 WL 1108596, at *2 (S.D. Ala. April 13, 2007) ("'[i]t is to be presumed that a cause of action lies outside [the court's] limited jurisdiction, . . . and the burden of establishing to the contrary rests upon the party asserting jurisdiction,'" and, therefore, "[n]ot only must the jurisdictional provision be stated in the complaint, but facts 'demonstrating the existence of jurisdiction' must be stated") (citations omitted). Although the law establishes that

3

"[a] document filed *pro se* is 'to be liberally construed' . . . and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers,'" Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (citations omitted), nothing in that leniency excuses a plaintiff from compliance with threshold requirements of the Federal Rules of Civil Procedure. Even liberally construing Plaintiff's amended complaint, the essence of his cause of action against Defendants is a state law claim for wrongful foreclosure that is brought by a citizen of Georgia against at least one Defendant, Johnson & Freedman, who is also citizen of Georgia. See Mason v. McPhillips, Shinbaum & Gill, 2011 WL 6152943, at *1 (11th Cir. December 12, 2011) (construing *pro se* plaintiff's complaint liberally and finding failure to plead federal jurisdiction); Jones, 2007 WL 1108596, at *3 (same).

First, Plaintiff does not allege "federal question" jurisdiction in the complaint. "A federal question exists when the plaintiff pleads a colorable claim arising under the Constitution or laws of the United States." Davis, 257 Fed. Appx. at 238 (citation and internal quotation marks omitted); see also Mason, 2011 WL 6152943, at *1 ("Federal question jurisdiction exist in 'civil actions arising under the Constitution, laws or treaties of the United States.'") (quoting 28 U.S.C. § 1331). The federal question must be "'presented on the face of the plaintiff's complaint.'" Davis, 357 Fed. Appx. at 238

4

(citation omitted). Plaintiff's amended complaint does not state a federal claim on its face; rather, it raises a state law claim of wrongful foreclosure based on the alleged failure by Defendants to produce original paperwork and to allow a loan modification and due to their returning loan payments and having sold Plaintiff's residence without his knowledge. [Doc. 4]. This is a cause of action properly brought in the courts in the State of Georgia.

And Plaintiff's complaint does not invoke "diversity" jurisdiction. "Diversity jurisdiction exists where the suit is between citizens of different states and the amount in controversy exceeds the statutorily prescribed amount, in this case $75,000." Pop's Pancakes, Inc., 251 F.R.D. at 688. "[D]iversity jurisdiction requires complete diversity-every plaintiff must be diverse from every defendant." Id. In this case, as stated on the face of Plaintiff's amended complaint [Doc. 4], Plaintiff is a citizen of the state of Georgia, residing in College Park, and Defendant Johnson & Freeman, is also a citizen of the State of Georgia, residing in Atlanta. See MacGinnitie v. Hobbs Group, LLC, 420 F.3d 1234, 1239 (11th Cir. 2005) ("For diversity purposes, a corporation is a citizen of both the state where it is incorporated and the state where it has its principle place of business."). There is no complete diversity of citizenship.

5

**II. Conclusion**

For the foregoing reasons and cited authority, the court **RECOMMENDS** that Plaintiff's request to proceed *in forma pauperis* be **DENIED** and that the complaint be **DISMISSED without prejudice** for lack of subject-matter jurisdiction.

Plaintiff is not harmed by the court recommending dismissal *sua sponte* because he has the opportunity to object to the court's recommendations following filing of this report and recommendation. See United States v. Willis, 273 F.3d 592, 597 n.6 (5th Cir. 2001) (noting that two concerns of notice and an opportunity to be heard were satisfied because the magistrate judge raised the issue and allowed the party the opportunity to argue against those findings to the district court); Anderson v. Dunbar Armored, Inc., 678 F. Supp. 2d 1280, 1296 (N.D. Ga. 2009) (same)).

The Clerk is **DIRECTED** to terminate this reference.

**SO RECOMMENDED** this 17th day of January, 2012.

JANET F. KING
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)